UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC,<br><br>Plaintiff,<br><br>v.<br><br>MEDIATEK, INC. and MEDIATEK USA, INC.,<br><br>Defendants. | Case No. 7:24-cv-00029 |

**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION ........ 1

II. STATEMENT OF FACTS ........ 1

A. Plaintiff's Allegations. ........ 1

B. The Patent-in-Suit. ........ 2

III. LEGAL STANDARD ........ 3

IV. ARGUMENT ........ 4

A. Plaintiff's Direct Infringement Claim Should Be Dismissed. ........ 4

B. Plaintiff's Indirect Infringement Claim Should Also Be Dismissed. ........ 9

1. Plaintiff's Induced Infringement Claim Should Be Dismissed. ........ 9

2. Plaintiff's Contributory Infringement Claim Should Be Dismissed. ........ 11

V. CONCLUSION ........ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) .......... 11

*Adnexus Inc. v. Meta Platforms, Inc.*,
No. 6:23-CV-152-JKP, 2024 WL 409738 (W.D. Tex. Feb. 2, 2024) .......... 4

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) .......... 10, 11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... *passim*

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......... *passim*

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) .......... 5

*Bowlby v. City of Aberdeen, Miss.*,
681 F.3d 215 (5th Cir. 2012) .......... 3

*Carlton v. Freer Inv. Grp., Ltd.*,
No. 5:15-CV-946-DAE, 2017 WL 11046201 (W.D. Tex. Aug. 8, 2017) .......... 4

*Castlemorton Wireless, LLC v. Bose Corp.*,
No. 6:20-CV-00029-ADA, 2020 WL 6578418 (W.D. Tex. July 22, 2020) .......... 10

*Chapterhouse, LLC v. Shopify, Inc.*,
No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) .......... 5, 8

*Conley v. Gibson*,
355 U.S. 41 (1957) .......... 3

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
No. 6:14-CV-751-JDL, 2015 W.L. 5000397 (E.D. Tex. June 3, 2015) .......... 11

*De La Vega v. Microsoft Corp.*,
No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) .......... 4, 8

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
363 F.3d 1263 (Fed. Cir. 2004) .......... 9

*EMA Electromechanics, Inc. v. Siemens Corp.*,
No. 6:21-CV-1001-ADA, 2022 WL 1241967 (W.D. Tex. Apr. 26, 2022) .............................. 11

*Freedman Seating Co. v. Am. Seating Co.*,
420 F.3d 1350 (Fed. Cir. 2005)........................................................................................ 4

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011)........................................................................................................ 11

*Grecia Est. Holdings LLC v. Meta Platforms, Inc.*,
605 F. Supp. 3d 905 (W.D. Tex. 2022)........................................................................ 2, 5

*In re Bill of Lading*,
681 F.3d 1323 (Fed. Cir. 2012)........................................................................................ 9

*Inhale, Inc v. Gravitron, LLC*,
No. 1-18-CV-762-LY, 2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) .................................. 10

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
No. 1-14-CV-134-LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) .................................. 12

*Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*,
No. 3:18-CV-01074, 2018 WL 10425908 (N.D. Tex. Oct. 9, 2018)........................................ 4

*Lifetime Indus. v. Trim-Lok, Inc.*,
869 F.3d 1372 (Fed. Cir. 2017)...................................................................................... 10

*LS Cloud Storage Technologies, LLC v. Amazon.com, Inc.*,
No. 1:22-CV-1167-RP, 2023 WL 2290291 (W.D. Tex. Feb. 27, 2023) .................................... 8

*Mesa Digital, LLC v. Cellco Partnership*,
No. 6:21-cv-1020-ADA, Dkt. 33 (W.D. Tex. July 26, 2022)................................................... 8

*Metricolor LLC v. L'Oreal S.A.*,
791 F. App'x 183 (Fed. Cir. 2019) .................................................................................... 4

*Ortiz & Assocs. Consulting, LLC v. Ricoh USA, Inc.*,
No. 6:21-CV-01178-ADA, 2023 WL 2904583 (W.D. Tex. Apr. 11, 2023) ............................. 8

*Vervain, LLC v. Micron Tech., Inc.*,
6:21-CV-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ...................................... 5, 9

**Statutes**

35 U.S.C. § 271(a) ........................................................................................................ 4

35 U.S.C. § 271(c) ........................................................................................................ 11

**Rules**

Fed. R. Civ. P. 8(a)(2)........................................................................................................... 3

## I. INTRODUCTION

Defendants MediaTek Inc. and MediaTek USA, Inc. (collectively, "MediaTek" or "Defendants") respectfully move to dismiss Plaintiff Redstone Logics LLC's ("Redstone" or "Plaintiff") Complaint for Patent Infringement (Dkt. No. 1, "Compl.") under Rules 12(b)(6) and 8(a)(2) of the Federal Rules of Civil Procedure.

Plaintiff's Complaint is deficient under well-established *Twombly/Iqbal* pleading standards. In particular, Plaintiff asserts a claim requiring "a first/second set of processor cores … wherein each processor core … is configured to dynamically receive … a first/second output clock signal of <u>a first/second phase lock loop (PLL)</u> having a first/second clock signal as input." U.S. Patent No. 8,549,339 (the "'339 Patent"), Claim 1 (emphasis added). These PLL limitations are essential to Claim 1—Plaintiff relied on these limitations to distinguish the invention over prior art during patent prosecution. The Complaint, however, fails to identify any PLL system within the accused "MediaTek Dimensity 9000+ a.k.a. MT6983" product that satisfies these claim limitations.

The Complaint's indirect infringement allegations are likewise deficient. As an initial matter, the Complaint's failure to sufficiently plead direct infringement also dooms the claims for indirect infringement. Regardless, the Complaint also fails to plead any facts to support multiple necessary elements, including pre-suit knowledge of the patent, and specific intent and knowledge of the alleged infringement.

In short, Plaintiff has failed to satisfy its pleading obligations. Accordingly, the Court should grant this Motion and dismiss Plaintiff's Complaint in its entirety.

## II. STATEMENT OF FACTS

### A. <u>Plaintiff's Allegations.</u>

Plaintiff filed its Complaint on January 26, 2024, alleging that Defendants' "SoC products comprising two or more sets of processors supporting or based on the DynamIQ Shared Unit

architecture (*e.g.*, ARMv8.2, ARMv9 ARMv9.2, and successors), including without limitation the MediaTek Dimensity 9000+ a.k.a. MT6983)" (referred to as the "Accused Instrumentalities" in the Complaint) infringe the '339 Patent. Compl., ¶ 9 and Ex. 2 at 1. Plaintiff asserts Claim 1 of the '339 Patent and attaches to its Complaint as Exhibit 2 a claim chart ("Claim Chart") that purports to map each element of Claim 1 to allegedly infringing aspects of the Accused Instrumentalities. *Id.*, ¶ 12; Claim Chart. But the Claim Chart does not contain any proper allegations with respect to at least claim limitations [1a] and [1b].

In addition, Plaintiff asserts that Defendants "knowingly and intentionally induce infringement" of and "have been, and currently are, contributorily infringing" the '339 Patent. Compl., ¶¶ 10-11. But Plaintiff does not—because it cannot—allege any facts relating to Defendants' pre-suit knowledge of the '339 Patent. *See id.*, ¶ 10 ("Through at least the filing and service of this Complaint, Defendants have had knowledge of the '339 Patent …"). Nor does Plaintiff include any factual allegations regarding Defendants' alleged specific intent or knowledge of infringement. *See id.*, ¶¶ 10-11.

**B. <u>The Patent-in-Suit.</u>**

Asserted Claim 1 of the '339 Patent generally relates to a multicore processor with two sets of processor cores that each have its own supply voltage and an independent phase-locked loop ("PLL") clock signal. '339 Patent, Claim 1. During patent prosecution, the Examiner initially rejected the application, finding that the purported invention under Claim 1 was anticipated in view of preexisting art. *See* Declaration of Christopher Kao ("Kao Decl."), Ex. 1 (August 29, 2012 Office Action) at 3-6.[1] In order to overcome the anticipation rejection, the patentee amended

---

[1] Matters of public record, such as a patent's prosecution history, are properly considered at the pleading stage. *See, e.g., Grecia Estate Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d. 905, 914-15 (W.D. Tex. 2022).

Claim 1 to recite, *inter alia*, a first/second "output" clock signal "of a first/second phase lock loop (PLL) having a first/second clock signal as input" and argued that the prior art "fail[ed] to disclose or teach a first set of processor cores and second set of processor cores configured to dynamically receive a first output clock signal of a first PLL having a first clock signal as input and a second output clock signal of a second PLL having a second clock signal as input." *Id.*, Ex. 2 (November 29, 2012 Response to the August 29, 2012 Office Action) at 3, 9-10 (emphasis in the original). Based on the amendment and this argument, the Examiner allowed the patent, including Claim 1, to issue.

## III. LEGAL STANDARD

A complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8(a)(2). Under this rule, the Supreme Court has held that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Pleadings that are "no more than conclusions" are "not entitled to the assumption of truth." *Id.* at 679 (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. Instead, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (quoting *Iqbal*,

556 U.S. at 678). This requires that "every element of each cause of action must be supported by specific factual allegations." *Carlton v. Freer Inv. Grp., Ltd.*, No. 5:15-CV-946-DAE, 2017 WL 11046201, at *8 (W.D. Tex. Aug. 8, 2017).

## IV. ARGUMENT

### A. Plaintiff's Direct Infringement Claim Should Be Dismissed.

Plaintiff's direct infringement claim should be dismissed because the Complaint fails to plead factual allegations that are sufficient to support a plausible claim for direct patent infringement. Under 35 U.S.C. § 271(a), "an accused product or process is not infringing unless it contains each limitation of the [asserted] claim, either literally or by an equivalent." *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005) (emphasis added). To state a claim for relief for patent infringement, *Iqbal*/*Twombly* therefore require that a plaintiff plausibly allege that each and every limitation of at least one claim of each asserted patent is met by the accused products. *Adnexus Inc. v. Meta Platforms, Inc.*, No. 6:23-CV-152-JKP, 2024 WL 409738 (W.D. Tex. Feb. 2, 2024) ("if the [complaint] lacks sufficient facts as to any one of the elements, the entire claim fails for lack of factual sufficiency") (emphasis added); *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020) (complaint failed to state a claim upon which relief can be granted where it failed to explain and allege a specific limitation of the exemplary claim); *Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*, No. 3:18-CV-01074, 2018 WL 10425908, at *2 (N.D. Tex. Oct. 9, 2018) (ruling that the factual allegations must permit "a plausible inference that an accused device meets all the limitations of the asserted claims" and that "bare conclusory allegations" that a device met all limitations of an asserted claim were insufficient; "[a]dditional factual information, at least pleaded on information and belief, is required under the standards of *Twombly* and *Iqbal*"); *see also Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 188 (Fed. Cir. 2019) (plaintiff failed to

sufficiently plead a claim of patent infringement where it did not allege that accused products contained all the limitations in the asserted claims).

This Court has stated that "[t]he mere recitation of claim language [] is insufficient to assert a claim, even on a motion to dismiss." *Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 916 (W.D. Tex. 2022); *see also Chapterhouse, LLC v. Shopify, Inc*., No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) (dismissing complaint for failing to "allege how the [accused products] meet the text of the exemplary claim").

Further, direct infringement claims involving complex technology require a higher level of detail to state a claim. *See Vervain, LLC v. Micron Tech., Inc.*, 6:21-CV-00487-ADA, 2022 WL 23469, *2 (W.D. Tex. Jan. 3, 2022) (discussing the Federal Circuit's latest guidance in *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353-56 (Fed. Cir. 2021) on pleading standards for direct infringement claims and granting 12(b)(6) motion, applying a heightened pleading standard based on the "complexity and materiality of the claims"). "Factual content, not just conclusory allegations" is required for pleading "under any standard," but the heightened standard under *Bot M8* requires more. *Id.* Plaintiff's claimed technology is complex enough to require a heightened level of detail in pleading infringement. But the Complaint does not even have the bare minimum needed for less complex technology.

Plaintiff alleges that certain MediaTek products including the "MediaTek Dimensity 9000+ a.k.a. MT6983" infringe Claim 1 of the '339 Patent. The Complaint does not support its infringement contention with any factual allegations, and the Claim Chart attached to the Complaint as Exhibit 2 (Dkt. No. 1-2) is deficient and implausible.

Specifically, Claim 1 requires, *inter alia*, "a first/second set of processor cores … wherein each processor core … is configured to dynamically receive … a first/second output clock signal

of a first/second phase lock loop (PLL) …" as recited in elements [1a] and [1b]. '339 Patent, Claim 1 (emphasis added). The term "first/second phase lock loop (PLL)" is essential to this claim—Claim 1 is directed to a multi-core processor with two sets of processor cores each having its own supply voltage and an independent PLL clock signal. The term PLL appears in two of the three elements of the claim describing a structure essential to each core of the claimed multi-core processor. *See, e.g.*, *Id.* at Claim 1, Abstract, Fig 3, 4:1-17.

The Claim Chart does not, however, set out any facts that would support a plausible inference that the accused MT6983 device meets this limitation. For the relevant part of Claim 1 that includes the PLL limitations, Plaintiff, in its Claim Chart, only restates the claim language word-for-word, without more:

> Each Accused Product comprises a first set of processor cores of the multi-core processor, wherein each processor core from the first set of processor cores is configured to dynamically receive a first supply voltage and a first output clock signal of a first phase lock loop (PLL) having a first clock signal as input.
>
> For example, the MT6983 includes a first set of high efficiency processor cores (ARM Cortex-A710 cores). The processor cores in the first set receive a dynamic supply voltage and a first output clock signal of a first PLL.

Claim Chart, at 6 (element [1a]) (highlighting added);

> Each Accused Product comprises a second set of processor cores of the multi-core processor, wherein each processor core from the second set of processor cores is configured to dynamically receive a second supply voltage and a second output clock signal of a second PLL having a second clock signal as input, wherein the first supply voltage is independent from the second supply voltage, and the first clock signal is independent from the second clock signal.
>
> For example, in addition to the first set of processor cores, the MT6983 has a second set of efficiency processor cores (ARM Cortex-A510 cores). The processor cores in the second set receive a second, independent dynamic supply voltage and a second, independent clock signal of a second PLL.

*Id.*, at 13-14 (element [1b]) (highlighting added).

Although Plaintiff presents some screenshots, they do not identify a PLL with respect to either limitation. Instead, Plaintiff alleges that the cores of the accused MT6983 support the

DynamIQ Shared Unit-110 (DSU-110), and points to the use within each core of several "clock domains" under the DSU-110 architecture. Plaintiff does not allege that the "clock domains" for any core supporting DSU-110 comprise a PLL system.

> The *DynamIQ™ Shared Unit-110* (DSU-110) has multiple clock domains. Each core or complex can be implemented in a separate clock domain.
>
> The following figure shows the clock domains for an example cluster with four standalone cores.
>
> **Figure 4-1: DSU-110 clock domains**




Arm DynamIQ™ Shared Unit-110 Technical Reference Manual at p. 46

> The cluster contains several clock domains for functionality that is likely to be connected to different clocks in the system. Within each core, the CPU bridge contains asynchronous bridges for all crossings between the core and cluster clock domains. Each CPU bridge is split, with one half of each bridge in the core clock domain and the other half in the relevant cluster domain. At the cluster level, there is the *Snoop Control Unit* (SCU) bridge which contains crossings between the cluster clock domains as required.
>
> **Arm DynamIQ™ Shared Unit-110 Technical Reference Manual at p. 46**

*See, e.g.*, *id.*, at 12-13 (element [1a]), 19-20 (element [1b]).

Plaintiff does not otherwise identify any structure corresponding to the claimed PLL and it is not possible to infer from the Claim Chart what Plaintiff alleges is a PLL. Nothing in the image shown in the Claim Chart shows or even suggests that the accused MT6983 contains, within each

core, a PLL. The term "PLL" or "phase lock loop" is not mentioned once in the recited DSU-110 reference.

Given its failure to identify a "first/second PLL" in elements [1a] and [1b], the Complaint should be dismissed. *Ortiz & Assocs. Consulting, LLC v. Ricoh USA, Inc.*, No. 6:21-CV-01178-ADA, 2023 WL 2904583, at *4 (W.D. Tex. Apr. 11, 2023) ("Ortiz fails to identify an essential element in the claim chart—the server. . . Without so much as identifying the existence of a server, Ortiz fails to plausibly suggest that the accused product meets each limitation of the asserted claim."); *see also LS Cloud Storage Technologies, LLC v. Amazon.com, Inc.*, No. 1:22-CV-1167-RP, 2023 WL 2290291, at *3 (W.D. Tex. Feb. 27, 2023) (dismissing the complaint because "Plaintiff's allegations and charts fail to identify devices or software for each claim limitation"); *Mesa Digital, LLC v. Cellco Partnership*, No. 6:21-cv-1020-ADA, Dkt. 33 (W.D. Tex. July 26, 2022) (dismissing plaintiff's second amended complaint for failure to plead direct infringement because there were no allegations about the claim limitation requiring "using Bluetooth communications after accepting a passcode from a user"); *De La Vega*, 2020 WL 3528411, at *6 ("Plaintiff only presented three screenshots of evidence without explaining how that evidence shows that [defendant implements a limitation]. Plaintiff also does not identify [terms of the limitation] in the context of the accused instrumentality and/or described how each operates."); *see also Chapterhouse,* 2018 WL 6981828, at *2 (dismissing a direct infringement claim by the plaintiff who "breaks the exemplary claim into individual elements with [] screenshots," finding that "[s]uch a statement, on its own, is a mere conclusory statement," that "screenshots themselves [do not] constitute the requisite factual allegations" and that "Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met").

Dismissal is particularly appropriate here since the patentee relied on these very PLL limitations as a key point of novelty to overcome the Examiner's rejection during prosecution. *See supra*, § II.B. As this Court observed in *Vervain, LLC v. Micron Tech., Inc.*, "a higher level of detail in pleading infringement may—depending on the complexity of the technology—be demanded for elements clearly 'material' to novelty and non-obviousness." No. 6:21-cv-00487-ADA, 2022 WL 23469, *5 (W.D. Tex. Jan. 3, 2022) ("demand[ing] a higher level of pleading" when the "limitations lay at the point of novelty"). Plaintiff's bare-boned allegations do not pass muster under any pleading standard and certainly not the higher pleading standard required here.

**B. Plaintiff's Indirect Infringement Claim Should Also Be Dismissed.**

To support a claim for indirect infringement, a plaintiff must plead "facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading*, 681 F.3d 1323, 1336 (Fed. Cir. 2012); *see also Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement …"). As discussed above (*supra*, Section IV.A.), the Complaint fails to state a plausible claim of direct infringement. Absent a properly pleaded direct infringement claim, the indirect infringement claims cannot stand.

In any event, Plaintiff's indirect infringement claims fail for several additional reasons, which are addressed below.

1. <u>Plaintiff's Induced Infringement Claim Should Be Dismissed.</u>

Plaintiff fails to plead any facts, even if taken as true, that would establish that Defendants have induced infringement of the '339 Patent.

As an initial matter, Plaintiff does not allege that either of the Defendants had pre-suit knowledge of the '339 Patent. *See* Compl., ¶ 10 ("Through at least the filing and service of this Complaint, Defendants have had knowledge of the '339 Patent …"). A complaint that "does not

plead any facts that would support an allegation of pre-suit knowledge" fails as a matter of law. *Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-CV-00029-ADA, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020) (dismissing indirect infringement claims). Plaintiff's indirect infringement claims should be dismissed for this reason alone.

Even setting aside Plaintiff's failure to plead pre-suit knowledge of the '339 Patent, Plaintiff also pleads no facts to support the requisite specific intent to induce infringement. "To state a claim for induced infringement, a complaint must plead facts plausibly showing that the accused infringer 'specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement.'" *Inhale, Inc v. Gravitron, LLC*, No. 1-18-CV-762-LY, 2018 WL 7324886, at *3 (W.D. Tex. Dec. 10, 2018) (quoting *Lifetime Indus. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376-77 (Fed. Cir. 2017)). The Complaint fails to satisfy either of these elements. The closest Plaintiff comes is asserting that the Defendants "continue to actively encourage and instruct their customers and end users (for example, through engineering documents for customers that integrate the Accused Products into consumer devices, and through user manuals and online instruction materials on their website) to use the Accused Instrumentalities in ways that directly infringe the '339 Patent" and that they "offer the Accused Instrumentalities in a form and configuration such that customers and end users will perform the claimed method automatically by using the Accused Instrumentalities 'out of the box' in their ordinary way." Compl., ¶ 10. Yet Plaintiff fails to identify a single "encourage[ment]," "instruct[ion]" or "configuration" to support this conclusory statement. These allegations are mere "labels and conclusions" and pure, unsupported speculation. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Such "generalized allegations that [the defendant] induced others to infringe the Asserted Patents through its marketing and sales tactics are … insufficient." *Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*, No. W:13-CV-365, 2014 WL 2892285, at *7 (W.D.

Tex. May 12, 2014); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-751-JDL, 2015 W.L. 5000397, at *4 (E.D. Tex. June 3, 2015) ("generic allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent"); *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) (finding conclusory allegations that a defendant "acted with specific intent" or acted to "urge, instruct, [and/or] encourage" infringement insufficient to support an induced infringement claim).

Because Plaintiff has failed to adequately plead the essential elements of induced infringement, its inducement claim should be dismissed.

2. Plaintiff's Contributory Infringement Claim Should Be Dismissed.

A claim for contributory infringement likewise requires pre-suit knowledge of the asserted patent. *See* 35 U.S.C. § 271(c). Thus, as is the case with Plaintiff's induced infringement claim, its contributory infringement claim should also be dismissed for lack of any allegations that Defendants had pre-suit knowledge of the '339 Patent (*see* Complaint, ¶ 10). *See Affinity Labs*, 2014 WL 2892285, *8-9.

Moreover, Plaintiff fails to identify the "component" that allegedly contributes to the infringement. A plaintiff is required to specify the "component," *i.e.*, "an item that was not itself covered by the claims of a patent but that enabled another party to make or use a patented machine, process, or combination." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 761 (2011). An entire product covered by the patent does not meet the "component" requirement. *See EMA Electromechanics, Inc. v. Siemens Corp.*, No. 6:21-CV-1001-ADA, 2022 WL 1241967, at *3 (W.D. Tex. Apr. 26, 2022) ("Contributory infringement of a patented device involves the sale, offer to sell, or importing of a component of the device, which is 'not itself technically covered by the claims of a product or process patent.'"). The accused MT6983 and other Accused

Instrumentalities (*i.e.*, "SoC products comprising two or more sets of processors supporting or based on the DynamIQ Shared Unit architecture") are entire products, not components.

Even assuming that any Accused Instrumentality is a component (which it is not), Plaintiff's allegations still fail as a matter of law. "A complaint for contributory infringement must include facts supporting the plausibility of the following: (1) the defendant supplies a component that is a material part of a patented invention; (2) the defendant knows that the component is especially made or especially adapted for use in an infringement of such patent; (3) the component is not a staple article or commodity suitable for noninfringing use; and (4) the component is ultimately used in a direct infringement of the patent." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1-14-CV-134-LY, 2015 WL 3513151, at *5 (W.D. Tex. Mar. 24, 2015). Plaintiff's claim for contributory infringement is completely devoid of any factual allegations. Instead, Plaintiff's allegations amount to nothing more than legal conclusions restating the legal elements. *See* Compl., ¶ 11. This is completely inadequate to allege patent infringement under the controlling case law.

## V. CONCLUSION

For the foregoing reasons, MediaTek respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety.

Dated: May 14, 2024

Respectfully submitted,

By: *__/s/ Christopher Kao__*

Christopher Kao (*admitted*)
christopher.kao@pillsburylaw.com
Brock S. Weber (*admitted*)
brock.weber@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
4 Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Telephone: 415.983.1000 / Facsimile: 415.983.1200

*Counsel for Defendants*
*MediaTek USA Inc. and MediaTek Inc.*