IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC,<br><br>   Plaintiff,<br>v.<br><br>MEDIATEK, INC. AND MEDIATEK USA, INC.<br><br>   Defendants. | Case No.  7:24-cv-00029-DC-DTG |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

## **TABLE OF CONTENTS**

I. Introduction ................................................................................................................. 1

II. Legal Standard ............................................................................................................ 1

III. The Complaint Exceeds Pleading Requirements For Direct Infringement ......................... 3

IV. The Complaint Sufficiently Pleads Post-Suit Induced Infringement ................................. 5

V. Plaintiff Should Have Leave to Amend Remaining Allegations ........................................... 6

I.     **Introduction**

      The MediaTek Defendants' Motion to Dismiss direct infringement should be denied because it ignores plausible, reasonable inferences in favor of Plaintiff Redstone. Defendants' argument is that the claims require first and second separate PLL's, but that Plaintiff has only accused separate clocks in different clock domains, not separate PLL's. Defendants' motion fails because it is plausible to infer that each clock in the different clock domains is formed using a separate PLL. Indeed, Wikipedia says that "[t]ypically, the clocks supplied to these processors come from clock generator PLLs, which multiply a lower-frequency reference clock."

> **Clock generation**
>
> Many electronic systems include processors of various sorts that operate at hundreds of megahertz to gigahertz, well above the practical frequencies of crystal oscillators. Typically, the clocks supplied to these processors come from clock generator PLLs, which multiply a lower-frequency reference clock (usually 50 or 100 MHz) up to the operating frequency of the processor. The multiplication factor can be quite large in cases where the operating frequency is multiple gigahertz and the reference crystal is just tens or hundreds of megahertz.

Ex. A at 5. The Defendants' motion to dismiss post-suit inducement should also be dismissed because the Defendants have knowledge of their infringement through service of this complaint. The remaining issues should be dismissed with leave to amend up to three months into fact discovery so that Plaintiff can add specific allegations to be uncovered during discovery.

II.     **LEGAL STANDARD**

      This Court recently set out the standard for dismissal under Rule 12(b)(6) in *Neonode Smartphone LLC v. Samsung Elecs. Co.*, No. 6:20-CV-00507-ADA, 2023 WL 5426743, at *1–2 (W.D. Tex. June 27, 2023). Evaluating whether to grant a motion to dismiss under Rule 12(b)(6) is a "purely procedural question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). Thus, Fifth Circuit law governs. *Id.* In the Fifth Circuit, "all well-pleaded facts" are accepted as true, they are viewed "in the light most favorable to the

plaintiff," and "all reasonable inferences" are drawn in the plaintiff's favor. *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021). A complaint must be "plausible on its face" with sufficient factual bases. *Ashcroft v. Iqbal*, 556 U.S. 544, 570 (2007). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Additionally, there must be "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Xiros, Ltd. v. Depuy Synthes Sales, Inc.*, W-21-CV-00681-ADA, 2022 WL 3592449, at *2 (W.D. Tex. Aug. 22, 2022) (citing *Iqbal*, 556 U.S. at 678). Furthermore, specific facts are not required, as long as the statement gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Discovery should generally proceed when "the relevant information is beyond the access of the plaintiff . . . unless the complaint recites no more than sheer speculation about the plaintiff's entitlement to relief." *Motiva Patents LLC v. Sony Corp.*, 408 F. Supp. 2d 819, 827 (E.D. Tex. 2019) (alteration in original). This is because a plaintiff "need not prove its case at the pleading stage." *Repairify, Inc. v. Keystone Auto. Indus., Inc.*, 610 F. Supp. 3d 897, 900–01 (W.D. Tex. 2022) (quoting *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)).

To allege direct infringement, the complaint must contain facts that "plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent." *Ruby Sands, LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-cv-1955, 2016 WL 3542430, at *2 (E.D. Tex. June 28, 2016) (quoting 35 U.S.C. § 271(a)). Evidence of direct infringement may be text-based or based on visual exhibits. *Repairify, Inc.*, 610 F. Supp.

3d at 901. Although the allegations must show that all claim limitations of at least one claim of the claimed invention are practiced by the accused products to satisfy the *Twombly/Iqbal* pleading standard, *Novitaz, Inc. v. inMarket Media, LLC*, No. 16-cv-06795-EJD, 2017 WL 2311407, at *3 (N.D. Cal May 26, 2017), the complaint satisfies this requirement if it alleges that the accused products, identified both by name and with visual exhibits, satisfy "each and every element of at least one claim of the [asserted] Patent." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, F.3d 1256, 1260 (Fed. Cir. 2018). And although some courts have found *Disc Disease* does not set the minimum requirements for pleading patent infringement, *Pure Parlay, LLC v. Stadium Tech. Grp., Inc.*, No. 219CV00834GMNBNW, 2020 WL 569880, at *3 (D. Nev. Feb. 5, 2020), this Court and others have found that it does. *Unification Techs. LLC v. Dell Techs., Inc.*, 6:20-CV-00499-ADA, 2021 WL 1343188, at *3 (W.D. Tex. Jan 28, 2021); *accord Berall v. Pentax of Am., Inc.*, No. 10-CV-577 (LAP), 2021 WL 3934200, at *5 (S.D.N.Y. Sept. 2, 2021). The facts used to support the alleged infringement do not need to "mimic the precise language used in a claim." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1343 (Fed. Cir. 2012).

### III. THE COMPLAINT EXCEEDS PLEADING REQUIREMENTS FOR DIRECT INFRINGEMENT

The Complaint offers factual content that allows the court to draw the reasonable inference that the defendant is liable for patent infringement. The Motion to Dismiss challenges only one element of the asserted claims: that the complaint fails to meet the part of Claim 1 that requires "a first/second set of processor cores … wherein each processor core … is configured to dynamically receive … a first/second output clock signal of a first/second phase lock loop (PLL)." Dkt. 10 at 5–6 (emphasis by Defendants). As explained by Defendants, this requires a "multi-core processor with two sets of processor cores each having . . . an independent PLL clock signal." *Id.* at 6. Specifically, Defendants believe there is a "failure to identify a 'first/second PLL.'" Dkt. 10 at 8.

3

The very figure cited in Defendants' shows where the first and second PLLs are at least plausible, if not typical. A multi-core processor with 4 cores, and each of these has an independent "clock domain" CORE0CLK to CORE3CLK.



Dkt. 10 at 7. The word "domain" in this context plausibly implies independent clocks for each core. And it is also plausible to infer that in each independent clock domain CORE0CLK to CORE3CLK, "the clocks supplied to these processors come from clock generator PLLs, which multiply a lower-frequency reference clock (usually 50 or 100 MHz) up to the operating frequency of the processor." Ex. A at 5. Thus, it plausible to infer that the processor cores pictured above include the claimed first PLL and the claimed second PLL. With this explanation, Defendants' motion to dismiss should be denied.

In the unlikely event the Court grants the motion, the Court should give leave to amend the pleadings to explicitly add, as an explanation, "it is plausible that each processor has an

independent clock domain CORE0CLK to CORE3CLK, and the clocks supplied to these processors come from clock generator PLLs, which multiply a lower-frequency reference clock (usually 50 or 100 MHz) up to the operating frequency of the processor." This would explicitly cure the alleged deficiency. Plaintiff respectfully submits that given the plausible inference of a PLL used in processor clocks, as evidenced by a recent Wikipedia entry, this amendment is unnecessary.

## IV.  THE COMPLAINT SUFFICIENTLY PLEADS POST-SUIT INDUCED INFRINGEMENT

Defendants argue for dismissal of induced infringement for three reasons (lack of direct infringement, lack of pre-suit knowledge, and no specific intent). Each of these fails.

Defendants' first argument for dismissing induced infringement based on a lack of underlying direct infringement fails because the previous section explained a plausible theory of direct infringement.

Defendants' second argument for dismissing induced infringement based on a lack of pre-suit knowledge also fails because this lack of pre-suit knowledge not a reason to dismiss post-suit induced infringement, when Defendants now know of infringement allegations. Plaintiff pleaded that "[t]hrough at least the filing and service of this Complaint, Defendants have knowledge of the '339 Patent and the infringing nature of the Accused Instrumentalities." Dkt. 1 ¶ 10. This serves as sufficient requisite knowledge for induced infringement. *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 777–778, 780 (W.D. Tex. 2022) (granting motion to dismiss pre-suit indirect infringement, but denying motion to dismiss post-suit indirect infringement). In 2022, this Court specifically rejected the proposition that pre-suit knowledge is a requirement for post-suit indirect infringement. *Id.* at 779. Defendants' earlier *Castlemorton* rule no longer applies. *Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-CV-00029-ADA, 2020 WL 6578418, at *5 (W.D. Tex.

5

July 22, 2020) (dismissing indirect infringement claims). After *BillJCo*, pre-suit knowledge of infringement is still needed for pre-suit induced infringement, but post-suit knowledge (e.g., via the complaint) is sufficient for post-suit induced infringement.

Defendants' final argument, that the complaint lacks allegations of specific intent, also fails because paragraph 10 of the complaint contains sufficient allegations. As noted in Defendants' motion, paragraph 10 of the complaint alleges that Defendants "actively encourage and instruct their customers and end users (for example, through engineering documents for customers that integrate the Accused Products into consumer devices, and through user manuals and online instruction materials on their website) to use the Accused Instrumentalities in ways that directly infringe the '339 Patent" and that they "offer the Accused Instrumentalities in a form and configuration such that customers and end users will perform the claimed method automatically by using the Accused Instrumentalities 'out of the box' in their ordinary way." Compl., ¶ 10. This is sufficient to infer intent and is similar to the allegations in *BillJCo*, which the Court ruled was sufficient for surviving a motion to dismiss post-suit induced infringement:

> Apple takes specific steps to actively induce others—such as, for example customers, application developers, and third-party manufacturers—to access, use, and develop programs and applications for the Accused Instrumentalities and intentionally instructs infringing use through training videos, demonstrations, brochures, installation and user guides ....

*BillJCo*, 583 F. Supp. 3d at 780. Given the similar allegations here, the motion to dismiss post-suit induced infringement should be denied.

V.  **PLAINTIFF SHOULD HAVE LEAVE TO AMEND REMAINING ALLEGATIONS**

For the remaining infringement theories (pre-suit induced infringement and contributory infringement), the Court should grant Plaintiff leave to amend its complaint up to three months

6

into fact discovery, as is the usual practice in the Western District of Texas. *See BillJCo*, 583 F. Supp. 3d at 782 ("So, in accordance with the Court's usual practice, the Court permits [plaintiff] to amend its Complaint after the start of fact discovery before June 2, 2022 [5 months after the opinion], to re-plead contributory infringement and pre-suit indirect and willful infringement claims, if able."); *see* Judge Albright's Order Governing Proceedings in Patent Cases 4.4 § VII (standardizing this relief via meet-and-confer process).

Indeed, Defendants do not argue that any amendments would be impossible and futile. Discovery, especially confidential technical documents, may reveal more specific factual allegations that support contributory infringement and pre-suit indirect infringement. *BillJCo*, 583 F. Supp. 3d at 782 ("the Court recognizes that it may be impossible for BillJCo to allege any pre-suit knowledge without the benefit of fact discovery."). "Under Rule 15(a)(2), the court should freely give leave when justice so requires." *Epistar Corp. v. Lowe's Companies Inc.*, No. 6:20-CV-00420-ADA, 2022 WL 2759093, at *1 (W.D. Tex. July 14, 2022) (cleaned up).

Dated: June 11, 2024                                          Respectfully submitted,

*/s/ Peter Tong*
RUSS AUGUST & KABAT
Reza Mirzaie, SBN 246953
Email: rmirzaie@raklaw.com
Marc A. Fenster, SBN 181067
Email: mfenster@raklaw.com
Neil A. Rubin, SBN 250761
Email: nrubin@raklaw.com
Christian W. Conkle, SBN 306374
Email: cconkle@raklaw.com
Jonathan Ma, SBN 312773
Email: jma@raklaw.com

12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Qi (Peter) Tong
TX SBN 24119042
Email: ptong@raklaw.com
4925 Greenville Avenue, Suite 200
Dallas, TX 75206
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff Redstone Logics LLC*

8

## CERTIFICATE OF SERVICE

    I certify that on June 11, 2024, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

                                                               /s/    *Peter Tong*
                                                               Peter Tong