UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MEDIATEK, INC. and MEDIATEK USA, INC.,<br><br>　　　　Defendants. | Case No. 7:24-cv-00029 |

**MEDIATEK'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

**TABLE OF CONTENTS**

                                                                      **Page**

I.     INTRODUCTION ................................................................................................. 1

II.    ARGUMENT ....................................................................................................... 2

         A.     Plaintiff's Direct Infringement Claim Should Be Dismissed. ................................ 2

         B.     Plaintiff's Indirect Infringement Claim Should Be Dismissed. .............................. 3

III.   CONCLUSION .................................................................................................... 5

4857-5425-4023

I.      **INTRODUCTION**

Plaintiff Redstone's Opposition (Dkt. No. 13, "Opp.") to Defendant MediaTek's Motion to Dismiss (Dkt. No. 10, "Mot.") fails to identify any allegations in its Complaint that any accused product has "a first/second set of processor cores … wherein each processor core … is configured to dynamically receive … a first/second output clock signal of a first/second phase lock loop (PLL)," as required by asserted Claim 1 of the Patent-in-Suit.  Indeed, Plaintiff concedes that the Complaint and the Claim Chart attached thereto contain no factual allegations relevant for the PLL limitations in Claim 1.  Plaintiff instead seeks to salvage its deficient pleading by relying solely on extraneous material not cited in or incorporated into the Complaint (a Wikipedia article) indicating that PLLs can potentially be used in some processors.  This new material cannot be considered part of the pleading and, in any event, is insufficient to cure the pleading deficiency because potential options for processors, even if true, do not provide any reasonable inference of direct infringement in this case.

In addition, the Opposition confirms that Plaintiff failed to allege pre-suit knowledge of the Patent-in-Suit among other required elements for contributory infringement and induced infringement.  Thus, Plaintiff concedes that, at a minimum, the Complaint's contributory and pre-suit inducement claims should be dismissed.  With respect to post-suit inducement, MediaTek maintains (including for purposes of appeal) that the lack of pre-suit knowledge is also fatal.  However, even if knowledge based on the filing of the Complaint is permitted to support Plaintiff's post-suit inducement claim, the claim should still be dismissed because the Complaint contains no more than the very kind of generic allegations that even the case Plaintiff relies on confirms to be insufficient.  Accordingly, this Court should dismiss the Complaint in its entirety.

## II. ARGUMENT

### A. Plaintiff's Direct Infringement Claim Should Be Dismissed.

As set forth in MediaTek's Motion, for its direct infringement claim, the Complaint includes no factual allegations that any accused product has "a first/second set of processor cores … wherein each processor core … is configured to dynamically receive … a first/second output clock signal of a first/second phase lock loop (PLL)." Mot. at 5-9. The Complaint is completely devoid of any factual allegations showing the presence in the accused products of these PLL limitations, which are essential to the asserted claim, and represent a key point of novelty that the patentee relied on to overcome the Examiner's rejection during prosecution. *Id.*

In its Opposition, Plaintiff does not deny that the Complaint and the Claim Chart attached thereto contain no allegations as to the PLL limitations. *See* Opp. at 3-5. Instead, Plaintiff attempts to save the Complaint by seeking to add new allegations—including an exhibit consisting of a "Wikipedia" printout—via its Opposition. *Id.* The newly-cited Wikipedia article was not attached to or referenced in the Complaint or Claim Chart. When reviewing a motion to dismiss, courts look only to the allegations in the pleadings to determine whether they are sufficient to survive dismissal. Outside sources cannot be considered part of the pleadings unless "they are referred to in the plaintiff's complaint and are central to the claim." *Hurdsman v. Gleason*, No. 1:22-CV-254-RP, 2024 WL 2848674, *2 (W.D. Tex. June 5, 2024). "[B]ecause the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint." *Id.*

In any event, this new material cannot cure the defects of the Complaint. The new material that Plaintiff relies on is a Wikipedia article on "Phase-locked loop." *See* Opp., Exhibit A. Specifically, Plaintiff cites to a generic discussion in the article to assert that PLLs may be used to generate clock signals for some "processors … that operate at hundreds of megahertz to gigahertz"

2

by "multiply[ing] a lower-frequency reference clock (usually 50 or 100 MHz) up to the operating frequency of the processor." *Id.* at 1 and 4. Plaintiff, however, makes no attempt to identify the "processors … that operate at hundreds of megahertz to gigahertz" and the clock generators that "multiply a lower-frequency reference clock [at] 50 or 100 MHz[] up to the operating frequency of [hundreds of megahertz to gigahertz]" in the context of the accused products. Moreover, the cited discussion only confirms that, even for the types of processors addressed therein, PLLs are not required to be used to generate clock signals—they are just one configuration option. Plaintiff offers nothing, whether in the Complaint or its Opposition, to justify the leap from the scarce discussion of an optional application of PLLs in generic processors to the conclusion that PLLs are used in the "DSU-110 clock domains," "CORE0CLK" and "CORE3CLK" of the ARM Cores that Plaintiff purports are included in the accused products. This is not enough to push Plaintiff's allegations over the line from speculative to plausible. As such, even taken as true, Plaintiff's Wikipedia recitation does not plausibly suggest that the accused products meet the PLL limitations.

    **B.**  **Plaintiff's Indirect Infringement Claim Should Be Dismissed.**

  MediaTek moved to dismiss Plaintiff's indirect infringement claims, including claims for pre-suit and post-suit induced infringement and pre-suit and post-suit contributory infringement. *See* Mot. at 9-12. In its Opposition, Plaintiff concedes that it does not allege that MediaTek had pre-suit knowledge of the Patent-in-Suit. *See* Opp. at 5 ("Plaintiff pleaded that '[t]hrough at least the filing and service of this Complaint, Defendants have knowledge of the '339 Patent and the infringing nature of the Accused Instrumentalities.'"). Moreover, Plaintiff does not dispute—thus tacitly admits—that the Complaint lacks factual allegations for pre-suit induced infringement and pre-suit and post-suit contributory infringement and that those claims can be dismissed (the Plaintiff only asks for an opportunity to amend three months into discovery). *See generally id.* at 5-6. Instead, Plaintiff limits its argument to the adequacy of its post-suit induced infringement

3

allegations.  *Id*.  As such, Plaintiff's claims for pre-suit induced infringement and pre-suit and post-suit contributory infringement should be dismissed.

As to post-suit induced infringement, Plaintiff concedes that it must plead sufficient facts to support the requisite specific intent to induce infringement.  Plaintiff mistakenly attempts to rely on *Billjco, LLC v. Apple Inc.* to support its inadequate allegations of specific intent.  *See* Opp. at 6 (citing to 583 F. Supp. 3d 769, 780 (W.D. Tex. 2022)).  *Billjco* not only does not support Plaintiff's position, but makes clear that the Complaint is in fact deficient.

In *Billjco*, the challenged complaint included specific references to "exemplary guides from 'Apple Developer,' the website Apple maintains to help developers develop software for use on Apple's operating platform" and "citations to Apple's own presentation to app developer at Apple's 2013 Worldwide Developers Conference (WWDC) on how to develop apps to utilize beacon messages in accordance with its iBeacon standard" to show encouragement and instructions to third-party developers of the use of the accused products in a specifically infringing manner.  *Billjco*, 583 F. Supp. 3d at 780.  The court in *Billijco* found these specific exemplary instructions sufficient to allege specific intent of inducement.  *Id.* at 780-81.  *Billjco* confirms that pleading of specific intent requires more than "generalized allegations."  *See* Mot. at 10-11 (compiling cases).

Here, Plaintiff presents only unsupported, limited allegations that are the very type of general boilerplate statements that courts have consistently found insufficient, making no attempt to identify even a single manual or instruction that allegedly encourages infringement.  *Id.*  Accordingly, the post-suit induced infringement claim should also be dismissed.

4

## III. CONCLUSION

For the foregoing reasons, MediaTek respectfully requests that the Court dismiss the Complaint in its entirety.

Dated: June 25, 2024

Respectfully submitted,

By: /s/ Christopher Kao
Christopher Kao (*admitted*)
   christopher.kao@pillsburylaw.com
Brock S. Weber (*admitted*)
   brock.weber@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
4 Embarcadero Center, 22nd Floor
San Francisco, CA  94111
Telephone:  415.983.1000 / Facsimile:  415.983.1200

*Counsel for Defendants*
*MediaTek USA Inc. and MediaTek Inc.*