**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| REDSTONE LOGICS LLC, | |
| Plaintiff, | |
| v. | Case No. 7:24-cv-00029-DC-DTG |
| MEDIATEK, INC. AND MEDIATEK USA, INC., | |
| Defendants. | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

Pursuant to the Court's July 16, 2024 Order Setting Initial Pretrial Conference, Plaintiff Redstone Logics LLC and Defendants MediaTek, Inc. and MediaTek USA, Inc. submit their Joint Discovery/Case Management Plan.

1.  **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

No outstanding issues exist regarding jurisdiction.

2.  **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

There are no unserved parties.

3.  **What are the causes of action, defenses, and counterclaims pled?**

Plaintiff accuses Defendants of infringing U.S. Patent 8,549,339.

4893-5768-4694.V1

Defendant has not yet answered but has a pending Motion to Dismiss.  Dkt. 10.  Defendant moves under 12(b)(6) for dismissal of direct and indirect infringement.  Defendant also denies that it infringes any valid and enforceable claim of the patent-in-suit, U.S. Patent 8,549,339, the asserted claims of which Defendant contends are invalid.  Defendant reserves the right to supplement at the appropriate time.

**4.  Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The parties have not yet stipulated to any facts.  The parties will negotiate in good faith to determine if any factual issues may be resolved and/or stipulated that streamline the case.

**5.  State the parties' view and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

For 26(f)(3)(A), the parties do not currently anticipate any necessary changes in the form or requirement for initial disclosures, subject to the timing set in the Court's forthcoming Scheduling Order.

For 26(f)(3)(B) and (E), the parties expect that discovery will be conducted as described in the Order Governing Patent Proceedings.  Further, the parties generally anticipate discovery is needed on the following subjects: (i) infringement/non-infringement and the technical operation of the Accused Product; (ii) the state of the art at the time of the claimed invention(s); (iii) prior art to the patent-in-suit and invalidity; (iv) marketing of the Accused Product; (v) damages; (vi) licensing of the patent-in-suit and comparable license agreements; (vii) the patent-in-suit, as well as the filing and prosecution of the application that led to the patent-in-suit and any related patents; (viii) the scope and proper construction of the asserted claims of the patent-in-suit; and (ix) Defendant's defenses, and counterclaims, if any.

4893-5768-4694.V1

For 26(f)(3)(C), the parties expect that ESI discovery (including emails) will be governed by the Order Governing Patent Proceedings.

For 26(f)(3)(D), the parties agree that discovery created after the filing of this case need not be logged for privilege.  Further, the parties agree that communications with their experts are not discoverable and neither are draft expert reports.

For 26(f)(3)(F), the parties believe a protective order is required, and they will work in good faith regarding the preparation of a draft order for the Court's consideration.

**6.   What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

No discovery has been completed yet.  The parties expect discovery to proceed as described in the Order Governing Patent Proceedings.

**7.   What, if any, discovery disputes exist?**

Defendant requested that Redstone produce the invalidity contentions pertaining to U.S. Patent 8,549,339 that it received in the related case *Redstone Logics LLC v. Samsung Electronics Co., Ltd. et al*, 2-23-cv-00485 (EDTX) by no later than the date that Redstone serves its infringement contentions in this case, which has now passed.  As Redstone recently received these contentions in related litigation, Defendant believes this is a narrowly tailored request for a single pleading and exhibits thereto that promotes efficiency and reduces the likelihood of potential future disputes related to the amendment of invalidity contentions to address prior art that Samsung identified.  Redstone's proposal below that conditions its production of Samsung's invalidity contentions on MediaTek's early production of technical and sales-related materials is not proportional and upsets the discovery balance inherent in the Court's model schedule, which requires production of certain technical documents with MediaTek's invalidity contentions.

4893-5768-4694.V1

Redstone objects that any early discovery should be mutual, and one-sided requests for early discovery is unfair and stayed except by agreement or "where exceptional circumstances warrant it." OGP 4.4 § III. Samsung's service of invalidity contentions with 51 attachments is routine, not exceptional.  Redstone is amenable to mutually opening general discovery now on all topics. Alternatively, Redstone proposes that it will provide an early copy of Samsung's invalidity contentions, but that Defendants should similarly provide materials that it has readily available, including their accounting statements for the accused products and technical documents describing the accused products. Contrary to MediaTek's suggestion, the OGP explicitly "encourages the parties to exchange license and sales information" during the pre-*Markman* phase of the case. OGP 4.4 at 3 n.2.

**8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties agree that inadvertent disclosure of communications, information, or documents covered by the attorney-client privilege or work product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. The parties will include provisions to this effect in the proposed protective order that they anticipate submitting to the Court.

**9. Have the parties discussed early mediation?**

No.

**10. Submission of a Proposed Schedule**

The parties met and conferred on a proposed schedule for this case and the related case *Redstone Logics LLC v. NXP Semiconductors N.V.*, No. 7:24-cv-00028-DC-DTG.

4893-5768-4694.V1

Dated: August 19, 2024

By: */s/ Peter Tong*

**RUSS AUGUST & KABAT**
Reza Mirzaie, SBN 246953
Email: rmirzaie@raklaw.com
Marc A. Fenster, SBN 181067
Email: mfenster@raklaw.com
Neil A. Rubin, SBN 250761
Email: nrubin@raklaw.com
Christian W. Conkle, SBN 306374
Email: cconkle@raklaw.com
Jonathan Ma, SBN 312773
Email: jma@raklaw.com

12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Qi (Peter) Tong
TX SBN 24119042
Email: ptong@raklaw.com

4925 Greenville Avenue, Suite 200
Dallas, TX 75206
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff Redstone Logics LLC*

Respectfully submitted,

By: */s/ Benjamin L. Bernell*

Christopher Kao (*admitted*)
  christopher.kao@pillsburylaw.com
Brock S. Weber (*admitted*)
  brock.weber@pillsburylaw.com
**Pillsbury Winthrop Shaw Pittman LLP**
4 Embarcadero Center, 22nd Floor
San Francisco, CA  94111
Telephone:  415.983.1000
Facsimile:  415.983.1200

Benjamin L. Bernell (TX Bar No. 24059451)
ben.bernell@pillsburylaw.com
**Pillsbury Winthrop Shaw Pittman LLP**
401 Congress Avenue, Suite 1700
Austin, TX  78701-3797
Telephone: 512.580.9600
Facsimile:  512.580.9601

*Counsel for Defendants*
*MediaTek USA Inc. and MediaTek Inc.*

4893-5768-4694.V1

## **CERTIFICATE OF SERVICE**

I certify that on August 19, 2024, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

*/s/ Peter Tong*

## **CERTIFICATE OF CONFERENCE**

I certify that counsel for Plaintiff conferred with counsel for Defendants regarding the subject of this filing, and these contents are agreed.

*/s/ Peter Tong*

6