IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **REDSTONE LOGICS LLC,**<br>　　*Plaintiff,*<br><br>v.<br><br>**MEDIATEK, INC. AND MEDIATEK USA, INC.,**<br>　　*Defendants* | CASE NO. 7:24-CV-00029-ADA-DTG |

**REPORT AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

**TO:　THE HONORABLE ALAN D ALBRIGHT,**
　　　**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendants' Motion to Dismiss Complaint (ECF No. 10). After careful consideration of the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that the Motion be **GRANTED-IN-PART AND DENIED-IN-PART.**

## I.　BACKGROUND

Plaintiff Redstone Logics LLC accuses Defendants MediaTek, Inc. and MediaTek USA, Inc. of infringing U.S. Patent No. 8,549,339 (the "'339 Patent"). On May 10, 2024, Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) alleging that Plaintiff failed to plausibly allege infringement of the '339 Patent (ECF No. 10). On June 11, 2024, Plaintiff responded (ECF No. 13). On June 25, 2024, Defendants replied (ECF No. 15).

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rule 12(b)(6) allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court then determines whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The mere possibility of misconduct or a recovery is insufficient. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts

to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

### III.   ANALYSIS

After reviewing the live complaint, the motion to dismiss, the response, and the reply, the Court finds that the Plaintiff has stated plausible claims for direct infringement. Therefore, the Court recommends that Defendants' Motion be **DENIED** as to Plaintiff's claims for direct infringement. The Court recommends that Defendants' Motion as to Plaintiff's claims for pre-suit indirect infringement be **GRANTED**. Plaintiff requests leave to amend its pleading to cure its pre-suit indirect infringement allegations. ECF No. 13 at 6. In the interest of justice, the Court recommends that Plaintiff's claims for pre-suit indirect infringement be **DISMISSED WITHOUT PREJUDICE**

### IV.   RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendants' Motion to Dismiss (ECF No. 10) be **GRANTED-IN-PART AND DENIED-IN-PART.**

### V.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The

District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

SIGNED this 10th day of March, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE